UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22756-LFL

CHARMAINE FLOYD,

    Plaintiff,

v.

DEPARTMENT OF AGRICULTURE,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. Because I find that dismissal of this case is warranted and I do not presently have authority to issue a dispositive order, I am issuing this Report and Recommendation. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court.

Upon filing the Complaint, Plaintiff did not pay the filing fee for initiating a civil action or file an application to proceed *in forma pauperis*—that is, a motion to proceed without prepaying fees or costs ("IFP Motion"). Therefore, I ordered Plaintiff to either pay the filing fee or file an IFP Motion within 14 days. (ECF No. 4). When Plaintiff failed to comply with that Order by the deadline, I entered a Second Order requiring that Plaintiff either pay the filing fee or file an IFP Motion within 21 days. (ECF No. 5). That deadline has now passed and again Plaintiff failed to comply.

Any party filing a lawsuit in Federal Court must pay a total fee of $405.00. *See* 28 U.S.C. § 1914(a); Report of the Proceedings of the Judicial Conference of the United States (Mar. 14, 2023),

at 12.[1] Timely payment of the filing fee is not a jurisdictional requisite. *See Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978); *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1551–52 (11th Cir. 1986). Rather, when a plaintiff fails to comply with the Court's orders to pay the filing fee, the proper standard for determining whether dismissal is warranted is Federal Rule of Civil Procedure 41(b). *See Judkins v. Beech Aircraft Corp.*, 723 F.2d 818, 819 (11th Cir. 1984).

Dismissal "with prejudice" under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). But "[c]ourts are afforded greater discretion in dismissing cases where dismissal is without prejudice." *Holmes v. Campbell*, No. 23-14066-CIV, 2024 WL 1077404, at *3 (S.D. Fla. Feb. 22, 2024) (citing *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011)); *see also Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

The Court twice ordered Plaintiff to either pay the filing fee or file an IFP Motion. The Clerk of Court filed notices on the docket confirming that both orders were promptly mailed to Plaintiff's address of record. After more than 40 days, Plaintiff has still failed to comply with the Orders. Plaintiff's failure to pay the filing fee (or file an IFP motion) has caused delay in the case; the refusal to obey the rules and orders of this Court is contumacious conduct. Accordingly, I **RECOMMEND** that the Court dismiss this action without prejudice.

---

[1] Parties who cannot afford to pay the filing fee may file an application to proceed without prepayment of the fee or security therefor. This is known as an application to proceed *in forma pauperis*. *See generally* 28 U.S.C. § 1915.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[2] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 4th day of August, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* Rule 4(b) of the Magistrate Judge Rules of the Local Rules of the United States District Court for the Southern District of Florida.